UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff,

vs.                                                                 No. 1:14-cv-00695-JAP/SCY

**DEPARTMENT OF THE INTERIOR
and SALLY JEWELL, in her official
capacity as Secretary of the Interior,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

On August 27, 2014, Plaintiff State of New Mexico filed an EMERGENCY MOTION FOR PRELIMINARY INJUNCTION BY STATE OF NEW MEXICO (Doc. No. 12) ("Motion for Injunction") requesting the Court to bar Defendants United States Department of Interior and Sally Jewell, Secretary of the Interior ("Defendants") from initiating the remedial process found in 25 C.F.R. §§291.1-15 (1999) ("Secretarial Procedures"). The Court held a hearing on the Motion for Injunction on September 11, 2014 at the conclusion of which the Court orally announced its decision to deny the Motion for Injunction. Also on September 11, 2014, the Court entered a Memorandum Opinion and Order (Doc. No. 31) explaining, in detail, the Court's reasons for denying the Motion for Injunction. In addition, on September 11, 2014, the Court entered an ORDER SETTING EXPEDITED BRIEFING SCHEDULE (Doc. No. 30) ("Scheduling Order") establishing a schedule for the expedited filing of cross-motions for summary judgment and the briefing of the cross-motions.

On September 15, 2014, the Pueblo of Pojoaque, a federally-recognized Indian tribe, filed a MOTION FOR LEAVE TO INTERVENE AND REQUEST FOR EXPEDITED

DISPOSITION (Doc. No. 32) ("Motion in Intervene"). On September 23, 2014, Plaintiff filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE PUEBLO OF POJOAQUE'S MOTION TO INTERVENE (Doc. No. 34) ("Opposition"). On September 24, 2014, the Pueblo of Pojoaque filed its REPLY IN SUPPORT OF PUEBLO OF POJOAQUE'S MOTION FOR LEAVE TO INTERVENE AND REQUEST FOR EXPEDITED DISPOSITION (Doc. No. 35) ("Reply").

    a) **Fed. R. Civ. P. 24(a): Intervention of Right.**

A court must permit a party to intervene when (1) a party has an "unconditional right to intervene by a federal statute" or (2) the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Pueblo of Pojoaque does not argue that it has an unconditional right to intervene under a federal statute. Instead, it contends that the Plaintiff's declaratory judgment action will cause practical impairment of the Pueblo's sovereign interest in conducting on-reservation casino gambling. New Mexico does not dispute this assertion.

Instead, Plaintiff State of New Mexico and the Pueblo of Pojoaque dispute whether the Defendants will "adequately represent" the interests of the Pueblo of Pojoaque. The Pueblo of Pojoaque argues Defendants will not adequately represent its interest for two reasons: (1) "DOI will fail to take issue with the State's lack of good faith in its dealings with the Pueblo;" Motion to Intervene at 7; and (2) if the Secretarial Procedures are struck down and the Pueblo continues gaming operations without a valid compact with New Mexico in force, Defendants may seek to halt the Pueblo of Pojoaque's gaming activities. *See* Motion to Intervene at 9–10. Motion to

Intervene at 9-10. Although the Pueblo of Pojoaque initially argued that the State of New Mexico had put the issue of the State's good faith in issue, in the Reply the Pueblo of Pojoaque stated that if it is permitted to intervene, it will take the position "that evidence of the State's lack of good faith is not relevant." Reply at 2.

The Court concludes that the Pueblo of Pojoaque has not shown that it is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a). The Court has made clear, and the Pueblo now appears to concede, *See* Reply at 2–3, New Mexico's good faith has no relevance to the Secretarial Procedures' validity. Therefore, the fact that the Defendants will not argue New Mexico has acted in bad faith does not render their representation of the Pueblo's interests inadequate. If the Department of the Interior pursues an enforcement action against the Pueblo of Pojoaque for conducting Class III gaming in violation of or in the absence of a valid Compact, the Pueblo of Pojoaque would have a full and fair opportunity to defend its interest in that litigation. The Pueblo has not shown that the potential for future conflict between it and the existing Defendants in future litigation prevents Defendants from adequately representing the Pueblo's interest in this litigation. Accordingly, the Pueblo's motion for intervention of right under Fed. R. Civ. P. 24(a) will be denied.

    **a.  Fed. R. Civ. P. 24(b): Permissive Intervention.**

The Pueblo of Pojoaque next asks the Court to grant it permissive intervention under Fed. R. Civ. P. 24(b). A court may, in its discretion, allow intervention if the intervenor has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). Whether to grant a motion to intervene under Rule 24(b) is committed to the Court's discretion. *See* Fed. R. Civ. P. 24(b)(1). In deciding whether to grant permissive intervention

under Rule 24(b), the Court must determine whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In its Motion to Intervene, the Pueblo argued New Mexico's bad faith is relevant to the Secretarial Procedures' validity. *See* Motion to Intervene at 7. New Mexico does not oppose permissive intervention so long as the Court only allows the Pueblo to brief the purely legal question of the Secretarial Procedures' validity. Opposition at 6–7. The Pueblo has stepped back from its original position and now agrees to limit its proposed argument for summary judgment to the narrow legal question of whether the Department of the Interior had authority to promulgate the Secretarial Procedures. Reply at 2–3.

The Court finds the Pueblo of Pojoaque has a claim or defense that shares a common question of law with the main action: the legal validity of its application for Secretarial Procedures. The Court has already acknowledged the Pueblo's weighty interest in the outcome of this litigation. *See* ORDER GRANTING MOTION FOR LEAVE TO FILE BRIEF OF AN AMICUS CURIAE, Doc. No. 27. For these reasons, the Court will allow the Pueblo of Pojoaque to intervene as a defendant in this action and join in the other Defendants' motion for summary judgment.

However, the Court must also give weight to the existing parties' interest in an expedited adjudication of the State of New Mexico's claims. Limiting the Pueblo of Pojoaque's arguments after intervention solely to the legal question of the Secretarial Procedures' validity, without discussion of the State's good or bad faith, will allow the Pueblo to take on a role in this litigation commensurate with its interest in its outcome without prejudicing existing parties or disturbing the current expedited briefing schedule. *See* Fed. R. Civ. P. 24(b)(3). Therefore, the Court will permit the Pueblo of Pojoaque to intervene as a defendant in this case and join in the

other Defendants' motion for summary judgment on the purely legal question of the Secretarial Procedures' validity.

    IT IS ORDERED THAT:

1) The Pueblo of Pojoaque may join in Defendants' motion for summary judgment and submit briefing in support of this motion.

2) The Pueblo of Pojoaque's submissions may not exceed ten (10) pages and must adhere to the briefing schedule outlined in the Court's ORDER SETTING EXPEDITED BRIEFING SCHEDULE (Doc. No. 30).

3) The Clerk of Court will amend the caption in this case to include the Pueblo of Pojoaque as Defendant-intervenor.

*/s/ James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE